No. 99-685

IN THE SUPREME COURT OF THE STATE OF MONTANA

2000 MT 263N

ESTATE OF DONALD LEE BRAATEN, Deceased,

and ELLEN F. BINGHAM, and THELMA S. MEIXNER,

as guardians for minor children, Sandra Dee Braaten,

Chanele Marie Braaten, Kevin James Braaten,

Barbara Braaten, Nicholas Lee Braaten, and Jeff Braaten,

Plaintiffs and Appellants,

v.

VERNA STEINBACH,

Defendant and Respondent.

APPEAL FROM: District Court of the First Judicial District,

In and for the County of Lewis and Clark,

The Honorable Thomas Honzel, Judge presiding.

COUNSEL OF RECORD:

For Appellants:

George C. DeVoe, Missoula, Montana

For Respondent:

James T. Harrison, Jr. Harrison, Loendorf, Poston & Duncan, Helena, Montana

Submitted on Briefs: March 23, 2000
Decided: September 28, 2000

Filed:

_____

Clerk

Justice William E. Hunt, Sr. delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent but shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.

¶2 The plaintiffs, representatives of the Estate of Donald Braaten and his children (the Estate) brought this action in the First Judicial District Court in Lewis and Clark County to recover damages for the wrongful death of Donald Braaten arising from the alleged negligence of his landlord. A jury trial commenced and the jury found in favor of the defendant. The Estate appeals. We affirm.

¶3 The issues on appeal are as follows:

1. Whether the District Court erred by refusing to apply the legal duty of landlords established in the Montana Residential Landlord Tenant Act at § 70-24-303(1)(c), MCA.

2. Whether the District Court erred in denying a motion in limine by the appellant to exclude testimony made by the respondent regarding a statement that she made to the deceased when the dwelling was rented.

BACKGROUND

¶4 Donald Lee Braaten rented a house from the defendant Verna Steinbach in November of 1994 which was located on a portion of land at the edge of her larger ranch. The house and yard are fenced in. The house was to be occupied by Braaten, one other adult, and his six children. It contained electric heaters as well as a wood-burning stove. The lease agreement does not address whether the tenants were allowed to cut wood on the rented property or the adjacent area for use in the stove.

¶5 Several days after moving in, Donald Braaten was killed while cutting wood on a hillside near the house above his driveway, on land also owned by Steinbach. He died instantly when a dead tree and its root ball dislodged and rolled down the hillside and over him.

¶6 Representatives of Braaten's estate and children filed a claim against Steinbach for negligence, resulting in the death of Donald Braaten. The plaintiffs alleged that the dead tree constituted a dangerous condition which led to Braaten's death. During the trial, Steinbach wished to testify that she had instructed Braaten not to cut wood and the plaintiffs objected. The District Court Judge denied the plaintiffs' motion in limine to exclude Steinbach's testimony on that issue as barred by the parol evidence rule. The District Court also refused the plaintiffs' jury instruction relating to the landlord's duty to keep common areas in a clean and safe condition, found in § 70-24-303(1)(c), MCA.

¶7 The jury found that the defendant Steinbach was not negligent and a final judgment was entered for the defendant. It is from this judgment that the plaintiffs appeal.

## DISCUSSION

¶8 The first issue is whether the District Court erred by refusing to apply the legal duty of a landlord as established by the Montana Residential Landlord Tenant Act (MRLTA), § 70-24-303(1)(c), MCA.

¶9 The standard of review for a district court's conclusions of law is whether the court's interpretation of the law was correct. Carbon County v. Union Reserve Coal Co., Inc. (1995), 271 Mont. 459, 469, 898 P.2d 680, 686.

¶10 At trial, the District Court Judge refused a jury instruction dealing with the legal duty established under § 70-24-303(1)(c), MCA. The act provides that a landlord has the duty to, "keep all common areas of the premises in a clean and safe condition." Section 70-24-

303(1)(c), MCA. The Estate objects to the District Court Judge's ruling that the MRLTA did not apply because the part of the statute dealing with common areas was designed for multiple units and not for a single dwelling as was the case here. The Estate argues that the District Court's interpretation was incorrect and as a result, they were precluded from fully presenting their case to the jury.

¶11 While the District Court was, perhaps, overly broad in ruling that the duty to keep common areas clean and safe under the MRLTA applies only to situations where there are multiple units, the conclusion that this portion of the MRLTA did not apply is still supported by the facts in this particular case. The area on which Braaten was killed while cutting wood was outside the fenced in area, far away from the rented house. While the land belonged to Steinbach, it does not appear to be what could be considered a "common area," or even on "the premises" as contemplated under the statute. Premises is defined by the statute as "a dwelling unit . . . and the grounds, areas, and facilities held out for the use of tenants generally or promised for the use of a tenant." Section 70-24-103(12), MCA. The dwelling in question was on a portion of land within a much larger ranch. The tenant was far from that dwelling, cutting wood, which was an activity that the defendant claimed he was told not to do.

¶12 The facts in this case do not support the appellants' assertion that the incident occurred on a "common area" for the purposes of this statute. Therefore, we hold that the District Court was not in error in ruling that § 70-24-303(1)(c), MCA, was not applicable in this case.

¶13 The second issue is whether the District Court erred in denying a motion in limine by the Estate to exclude testimony made by the respondent regarding a statement that she made to the deceased when the dwelling was rented.

¶14 The standard of review for a district court's conclusions of law is whether the court's interpretation of the law was correct. Carbon County v. Union Reserve Coal Co., Inc., (1995), 271 Mont. 459, 469, 898 P.2d 680, 686.

¶15 The Estate argues that the District Court should have granted the motion in limine to exclude certain testimony by Steinbach regarding her instructions to the tenant not to cut wood on the property. The Estate argues that the testimony should have been excluded because it falls under the parol evidence rule, altering the terms of the lease agreement. Montana's parol evidence rule is found in § 28-2-905, MCA, providing in relevant part:

When extrinsic evidence concerning a written agreement may be considered. (1) Whenever the terms of the agreement have been reduced to writing by the parties it is to be considered as containing all those terms. Therefore, there can be between the parties and their representatives or successors in interest no evidence of the terms of the agreement other than the contents of the writing . . . (2) This section does not exclude . . . other evidence to explain an extrinsic ambiguity or to establish illegality or fraud.

It appears from the record that the lease agreement was silent on the subject of cutting wood. Therefore, any testimony on that subject could not have altered any of the written terms of the lease agreement.

¶16 In addition, the appellant has not provided a full record for review. We have not been provided with a transcript of the testimony at issue so it is difficult to determine whether the testimony should have been excluded. It is the responsibility of the appellant to provide the Supreme Court with a complete record on appeal. Rule 9(a), M.R.App.P., provides:

Composition of the record on appeal. The original papers and exhibits filed in the district court, the transcript of proceedings, if any, and a certified copy of the docket entries prepared by the clerk of the district court shall constitute the record on appeal in all cases. *It is the duty of a party seeking review of a judgment, order or proceeding to present the supreme court with a record sufficient to enable it to rule upon the issues raised. . . .* (Emphasis added.)

Because a record of Steinbach's testimony is not provided to this Court, it is impossible to tell whether she even testified at all, much less determine whether her testimony should have been excluded under the parol evidence rule.

¶17 We hold that the District Court did not err in denying the motion in limine. The judgment of the District Court is affirmed.

/S/ WILLIAM E. HUNT, SR.

We Concur:

/S/ J. A. TURNAGE

/S/ JAMES C. NELSON

/S/ JIM REGNIER

/S/ W. WILLIAM LEAPHART